IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAKENA JONES,<br><br>                    Plaintiff,<br><br>           vs.<br><br>LIVE ON NEBRASKA; AMANDA BREWER, FSC Manager; and BRYN, in HR at Live on Nebraska,<br><br>                    Defendants. | 4:21CV3111<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Following receipt of a right-to-sue notice from the Equal Employment Opportunity Commission (Filing 1 at CM/ECF p. 8), Plaintiff filed this race- and disability-discrimination and retaliation action against her former employer, Live On Nebraska, and two of its employees. Plaintiff sues under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.*, as amended, and presumably the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125, claiming that she was terminated from her position because she is single, black, and because both she and her children have disabilities, which she identifies as "ADHD, anxiety, Diabetes." (Filing 1 at CM/ECF p. 5.)

Attached to Plaintiff's Complaint is her charge of discrimination, which alleges that: (1) on September 11, 2020, she received approval to work from home that day because her childcare provider had been exposed to Covid-19, but she was

able to work in an Omaha hospital that evening; (2) Plaintiff's employer scheduled appointments for her to attend on her "off days," and she is not aware of other non-black, single employees who were scheduled to work on their off days; and (3) after speaking with the human resources director and family services manager on September 25, 2020, about Plaintiff's disabled child's school schedule, her employer fired her on September 30, 2020, "allegedly due to being dishonest [about] my special needs child's school schedule." (Filing 1 at CM/ECF pp. 11-12.)

Plaintiff claims she and her children have suffered pain, oppression, loss of sleep, and poverty, and Plaintiff's employer has "assassinated" her character and ruined her 10-year work record by terminating her employment. (Filing 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation

marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

#### A.  Proper Defendants

Because "Title VII addresses the conduct of employers only and does not impose liability on co-workers," *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006); because Title VII "does not provide for an action against an individual supervisor," *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008); because the ADA only applies to employers, employment agencies, labor organizations, and joint labor-management committees, 42 U.S.C. § 12111(2); and because the NFEPA prohibits "employers" from committing unlawful employment practices, Neb. Rev. Stat. § 48-1104, individual Defendants Brewer and Bryn will be dismissed from this action.

#### B.  Race Discrimination

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Discrimination claims arising under the NFEPA are analyzed in the same manner as discrimination claims arising under Title VII. *See Edwards v. Hiland Roberts Dairy, Co*., 860 F.3d 1121, 1124 n.3 (8th Cir. 2017).

Plaintiff alleges she was discriminated against based on her race. Discrimination "because of" one's race means that "a particular outcome would not have happened 'but for' the purported cause"—which here is Plaintiff's race. *Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739 (2020). "When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing some *other* factor that contributed to

3

its challenged employment decision. So long as the plaintiff's [race] was one but-for cause of that decision, that is enough to trigger the law." *Id*.

The court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible. To state a prima facie claim of race or color discrimination, Plaintiff must allege facts showing that (1) she is a member of a protected class; (2) she met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of intentional discrimination. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011); *see also Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019); *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 990 (8th Cir. 2011).

Here, Plaintiff alleges that she is black and was terminated from her employment, which is obviously an adverse employment action. However, she has not alleged facts suggesting that she met her employer's legitimate expectations or that her termination resulted from intentional racial discrimination; therefore, Plaintiff has failed to state a racial discrimination claim upon which relief can be granted. However, the court will permit Plaintiff to amend her Complaint to make such factual allegations, if they exist.

## C.  Disability Discrimination

Plaintiff also alleges that she was discriminated against based on her disability. The ADA prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). A "qualified individual" must be able to perform the essential functions of the employment position, with or without reasonable accommodation. 42 U.S.C. § 12111(8). "Disability" under the ADA means that the individual (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment. *See* 42 U.S.C. § 12102(1); 29 C.F.R.

4

§ 1630.2(g)(2). "An individual may establish coverage under any one or more of these three prongs of the definition of disability. . . ." 29 C.F.R. § 1630.2(g)(2).

"The disability discrimination provision[s] in the NFEPA are patterned after the ADA, and the statutory definitions of 'disability' and 'qualified individual with a disability' contained in the NFEPA are virtually identical to the definitions of the ADA." *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 777 n.3 (8th Cir. 2012) (internal quotation marks and citation omitted); *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1106 n.2 (8th Cir. 2016); *see* Neb. Rev. Stat. §§ 48-1102(9) & (10).

In this case, Plaintiff's charge of discrimination states only that her daughter has a disability. (Filing 1 at CM/ECF p. 12.) Plaintiff's Complaint alleges that her two children have disabilities, "ADHD, anxiety, Diabetes"; that she was told she was terminated because she was "dishonest [about] my special needs child's school schedule; and that Plaintiff is diabetic. The court construes these statements to mean that Plaintiff is asserting an "associational discrimination" claim under the ADA.

Under the ADA, it is unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees[.]" 42 U.S.C. § 12112(a). Discrimination "'against a qualified individual on the basis of disability' includes . . . excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association[.]" 42 U.S.C. § 12112(b)(4). A similar provision exists in the NFEPA. Neb. Rev. Stat. § 48-1107.02(1)(d). *See Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1002 (8th Cir. 2012) (recognizing that ADA makes it unlawful to deny equal jobs or benefits to qualified employee because of known disability of individual with whom qualified employee is known to have relationship); *Strate v. Midwest Bankcentre, Inc.,* 398 F.3d 1011, 1019 n.7 (8th Cir. 2005) (recognizing protection under the ADA for individuals who associate with a qualified individual); 29 C.F.R. § 1630.8 ("It is unlawful for a covered entity to exclude or deny equal jobs or benefits to, or otherwise discriminate against, a qualified individual because of the known

5

disability of an individual with whom the qualified individual is known to have a family, business, social or other relationship or association."); *Rossley v. Drake Univ.*, No. 417CV00058, 2017 WL 7693389, at *6 (S.D. Iowa Dec. 20, 2017) ("The ADA also provides for an associational claim. *See* 42 U.S.C. § 12112(b)(4). An associational ADA claim is meant to protect against, for example, refusal to hire where the employer makes an unfounded assumption that the employee will miss work in order to care for a disabled relative." (internal quotation marks and citations omitted)).

> In order to state a claim for association discrimination under § 12112(b)(4) of the ADA, a plaintiff must allege that (1) she was subjected to an adverse employment action, (2) she was qualified for the job at that time, (3) she was known by [Defendants] at the time to have a relative with a disability, and (4) the adverse employment action occurred under circumstances which raised a reasonable inference that the disability of the relative was a determining factor in [Defendants'] decision. These allegations constitute a prima facie case, and are required to show a causal connection between a defendant's knowledge of an association with a disabled individual and an adverse employment action.

*Coffman v. QC Fin.*, No. 8:07CV427, 2008 WL 4104676, at *2 (D. Neb. Aug. 29, 2008) (internal quotation marks and citations omitted).[1]

Assuming that Plaintiff's diabetes is a "disability" within the meaning of the ADA, *see* 28 C.F.R. § 35.108, the question becomes whether Plaintiff has alleged that she is a "qualified individual" protected by the ADA and whether Plaintiff's Complaint contains factual allegations that allow the court to draw the reasonable

---

[1] Unlike the situation here, if the employee herself is not disabled, the employer has no duty to accommodate the employee (such as with a modified work schedule to care for a child with a disability) because the duty to accommodate only applies to employees with disabilities. *Coffman*, 2008 WL 4104676, at *2.

inference that Defendant Live On Nebraska is liable for association discrimination under the ADA and the NFEPA.

First, Plaintiff has not alleged facts showing that she was a "qualified individual" within the meaning of the ADA. To be a "qualified individual" within the meaning of the ADA, an employee must (1) possess the requisite skill, education, experience, and training for his position, and (2) be able to perform the essential job functions, with or without reasonable accommodation. *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 370 (8th Cir. 2018). Similarly, Plaintiff has not alleged facts showing that she was qualified for her job (the second element of association discrimination), especially when the circumstances surrounding Plaintiff's termination seem to involve her inconsistent work attendance and "regular and reliable attendance is a necessary element of most jobs." *Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 544 (8th Cir. 2018) (internal quotation marks and citation omitted) (discussing whether plaintiff was a qualified individual protected by ADA when she could not regularly and reliably attend work, which was an essential function of her employment and of most jobs); *Lopez v. City of Brookings*, 489 F. Supp. 2d 971, 980 (D.S.D. 2007) ("An employee who cannot regularly work full time in connection with a full time position is not a 'qualified' employee under the ADA.")

Second, Plaintiff fails to allege facts indicating that her termination occurred *because of* her child's or children's disabilities. Simply alleging that Plaintiff and her children have disabilities is not enough to allege a causal connection between those disabilities and Plaintiff's termination. While the court recognizes that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case," *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 511 (2002), *overruled in part on other grounds by Twombly,* 550 U.S. 544, the elements of a successful ADA claim are still "part of the background against which a plausibility determination should be made." *Cook v. George's, Inc.*, 952 F.3d 935, 939 (8th Cir. 2020) (internal quotation marks and citation omitted). "The court's task, then, is not to determine whether the Complaint pleads the elements of a prima

7

facie case of discrimination . . . , but to determine whether the Complaint alleges facts showing plausibly that [Defendant] has discriminated against Plaintiff based on her . . . disability." *Smith v. PayPal, Inc.*, No. 8:12CV226, 2013 WL 2444032, at *11 (D. Neb. June 4, 2013). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

The Plaintiff will be given leave to amend her Complaint to allege facts showing that she possessed the requisite skill, education, experience, and training for her position; that she was able to perform the essential functions of her job, with or without reasonable accommodation, including regular attendance; and that her termination occurred *because of* her child's or children's disabilities.

## D.  Retaliation

The ADA, Title VII, and the NFEPA prohibit retaliation. 42 U.S.C. § 12203(a) (prohibiting discrimination (i.e. retaliation) because an individual "has opposed any act or practice made unlawful by" the ADA or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" the ADA); 42 U.S.C. § 2000e-3(a) (prohibiting discrimination (i.e. retaliation) because an employee or applicant "has opposed any practice made an unlawful employment practice by" Title VII or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII); Neb. Rev. Stat. § 48-1114(1) (it is unlawful for an employer to discriminate (i.e. retaliate) against an employee because she has "opposed any practice made an unlawful employment practice by the [NFEPA]" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the [NFEPA] . . . .").

To establish a prima facie case of retaliation under these acts, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists

between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016) (internal quotation omitted) (Title VII retaliation); *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 924 (8th Cir. 2018) (ADA); *Knapp v. Ruser*, 901 N.W.2d 31, 48 (Neb. 2017) (NFEPA).

Here, Plaintiff does not allege that she was terminated because she opposed any practice made unlawful by Title VII, the ADA, or the NFEPA or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under these acts. Therefore, she has failed to state a retaliation claim. As with the claims discussed above, the court will allow Plaintiff to file an amended complaint to allege facts stating a retaliation claim, if such truthful facts exist.

## E.  Marital-Status Discrimination

Finally, Plaintiff attempts to bring a state-law claim for marital-status discrimination under the NFEPA. *See* Neb. Rev. Stat. § 48-1104 (it is an unlawful employment practice for an employer "[t]o . . . discharge, or to . . . discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . marital status"); Neb. Rev. Stat. § 48-1102(12) ("Marital status" is defined as "the status of a person whether married or single").

Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state-law claim. In the event that Plaintiff fails to amend her Complaint in accordance with this Memorandum and Order, the court will not retain jurisdiction over any state-law claim, and such claim will be dismissed without prejudice to reassertion in state court.

9

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). However, the court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed.

IT IS ORDERED:

1. Plaintiff's claims against Defendants Brewer and Bryn are dismissed without prejudice, and such parties shall no longer be parties to this action.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Plaintiff's amended complaint shall consist of relevant allegations from her original Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: October 18, 2021—amended complaint due.

6. Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 16th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge